UNITED STATES BANKRUPTCY COURT
IDAHO OF DISTRICT OF IDAHO

In Re:

Darrell Dwayne Larsen
Lucretia Rose Larsen aka Creta Larsen,

Debtors.

Case No. 24-40614-NGH

Chapter 13

OBJECTION TO CONFIRMATION

Come now Everbright Solar Trust ("Creditor"), a secured creditor in the above referenced Chapter 13 Plan, and objects to confirmation of Darrell Dwayne Larsen and Lucretia Rose Larsen's ("Debtors") proposed Chapter 13 Plan pursuant to 11 U.S.C. §§1322 and 1325 and in support thereof alleges:

**I.   BACKGROUND**

1.     On June 20, 2023, Debtors purchased Solar Panels (the "Collateral") under the Retail Installment Contract attached hereto as Exhibit 1.

2.     Creditor is the legal owner of the Vehicle as evidenced by the UCC Filing, a true and correct copy of which is attached hereto as Exhibit 2.

3.     On October 18, 2024, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.

Objection to Confirmation - 1
MH No. ID-24-180329

McCarthy & Holthus, LLP
702 W. Idaho St., Suite 1100
Boise, ID 83702
(208) 947-7264

4. On the same date, the Debtors filed a proposed Chapter 13 plan, setting forth a value of the Collateral at $5,000.00 allowing for interest on the debt to accrue post-petition at 7.0%, while also requesting the court determine the value.

5. On December 12, 2024 Creditor filed a secured proof of claim setting forth the total amount remaining due on the obligation of $31,083.22.

## II. OBJECTION

Under 11 U.S.C. § 1325(a)(5)(B)(ii), a plan must ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total value as of the effective date of the plan that equals or exceeds the value of the creditor's allowed secured claim. *Till v. SCS Credit Corp.*, 124 S. Ct. 1951 (2004).

To establish an interest rate adequately protecting a creditor in a Chapter 13 plan, we begin with the prime rate of interest on the date of filing, and adjust up for the greater nonpayment risk that bankrupt debtors typically pose. The plan's proposed interest rate of 7.0% is inconsistent with Till and thus the plan should not be confirmed. Creditor will withdraw this objection if the interest rate is increased to 10.0%, the prime rate of interest at filing plus 2%.

Creditor further objects to confirmation of the proposed plan as it makes no provision for pre-confirmation distributions to provide adequate protection to Creditor. As a secured Creditor, Creditor is entitled to pre-confirmation disbursements, Debtor's plan gives no legal basis for why adequate protection payments are not provided, and Creditor is not adequately protected.

Under 11 U.S.C. § 1325(a)(5)(B)(ii), a proposed plan must put the holder of a secured claim in the same economic position that it would have been in had it received the value of its allowed claim immediately. Creditor objects to confirmation of the plan as proposed as the Debtors' valuation of the Collateral is not an accurate reflection of the current fair market value. Specifically, information available to the Creditor indicates that the value of the Collateral is not less than $30,000.00. Debtors have given no appraisal or other basis for their valuation and without further

Objection to Confirmation - 2
MH No. ID-24-180329

McCarthy & Holthus, LLP
702 W. Idaho St., Suite 1100
Boise, ID 83702
(208) 947-7264

information supporting this valuation the plan does not appear to meet the requirements of 11 U.S.C. § 1325(a)(5)(B)(ii).

### III.   CONCLUSION

For all of the above reasons, the proposed Chapter 13 Plan fails to comply with the requirements of Title 11 of the United States Code and Creditor respectfully requests the Court deny confirmation.

Dated: December 13, 2024

**MCCARTHY & HOLTHUS, LLP**
Attorneys for Creditor


/s/ *David M. Swartley*
By: David M. Swartley, ISB 5230
Lance E. Olsen, ISB 7106

Objection to Confirmation - 3
MH No. ID-24-180329

McCarthy & Holthus, LLP
702 W. Idaho St., Suite 1100
Boise, ID 83702
(208) 947-7264

**CERTIFICATE OF SERVICE**

On 12/13/2024, I served the foregoing  on the following individuals by electronic means through the Court's ECF program

| **TRUSTEE** | **DEBTOR(S) COUNSEL** | **US TRUSTEE** |
|---|---|---|
| Kathleen A. McCallister | Holly E Sutherland | ustp.region18.bs.ecf@usdoj.gov |
| kam@kam13trustee.com | holly@averylaw.net | |

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Andrei Mihai
Andrei Mihai

On 12/13/2024, I served the foregoing  on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTORS**
Darrell Dwayne Larsen, 5250 S. Thatcher Ave, Idaho Falls, ID 83404

Lucretia Rose Larsen, 5250 S. Thatcher Ave, Idaho Falls, ID 83404

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated: 12/13/2024

/s/ Hue Banh
Hue Banh

M&H File No. ID-24-180329